Andrew Kosiba. Plaintiff *in Propria Persona*
33 Neal Path
South Setauket, NY 11720
ak764@protonmail.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 01 2022 ★

LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK
100 Federal Plaza, Central Islip, NY 11722

ANDREW KOSIBA
    PLAINTIFF.

v.

CASE NO. 21-CV-06416 (GRB)(ARL)

CATHOLIC HEALTH SYSTEMS OF
LONG ISLAND, INC.
    DEFENDANT.

_____/

## OBJECTION TO REPORT AND RECOMMENDATIONS

The Magistrate made erroneous conclusions and errors of law in his report. The Magistrate failed to present any supporting facts which established that amendment of the complaint would be in bad faith or cause undue delay. He provided no facts establishing a dilatory motive on the part of the plaintiff. He appears to be arguing that amendment would be futile because he claims that Covid is transitory and minor. However, the plaintiff is not arguing that he "has covid", in fact he argues the exact opposite. The plaintiff argues that he is being regarded by the defendant's policy as a perpetually contagious "direct threat" without any diagnosis whatsoever, therefore the disease is a hypothetical one. There is no established end-date when the defendant's "Covid policy" will stop regarding the plaintiff as in need of mitigation or treatment for a hypothetical contagious disease. The transitory AND minor (both elements must be established with evidence) affirmative defense can never apply to plaintiff's claim because he has never been diagnosed with any disease by the defendant. The magistrate's reason for supposing amendment would be futile is not backed by any supporting evidence and is a misinterpretation of how the transitory and minor defense can be used. Therefore, the Magistrate's conclusion of the futility of plaintiff amending his complaint to better state a claim is completely unfounded and erroneous.

The magistrate also errs by mis-representing the plaintiff's disability claim. The Magistrate claimed that the plaintiff claimed he is disabled because he is unable to wear a mask. This is incorrect. Plaintiff actually claimed that the employer's policy regards all employees as direct threats of a contagious disease without any assessment. Further, that the employer treats "vaccinated" employees disproportionately from "unvaccinated" employees" despite the fact that the "Covid vaccine" does not claim to prevent transmission or infection and is only advertised to be of benefit to the user. However, despite these facts, the employer treats all "unvaccinated" employees as if they carry some deadly disease and the adverse employment actions flow from this prejudice. The magistrate's determination about the nature of the plaintiff's disability claim is erroneous and so is his conclusion of futility based upon his erroneous suppositions.

The magistrate also argues that the count of retaliation is futile because the plaintiff opposed the policy after it was implemented. This argument is untenable and does not make any rational sense. The plaintiff has alleged that he opposed the policy in good faith and gave the defendant written notice of his opposition to the policy. The protected opposition does not occur when the defendant implemented the measures, the protected opposition began when the plaintiff gave notice under the protection of the ADA. In addition, the plaintiff has argued that all the measures are non-job-related and therefore not within the purview of the employer-employee relationship. The magistrate failed to address this issue. The policy itself is illegal and illegitimate because it violates the ADA, there is no requirement for an employee to comply with an illegitimate policy.

This court must conclude as Judge Jeffery Brown in the 5th Circuit did, when he enjoined Biden's Executive Order No. 14043 seeking to impose a vaccine mandate on federal employees at the penalty of their jobs. Judge Brown found that Biden could not require "... federal employees to get a COVID-19 vaccine or obtain a religious or medical exemption [because the order] was not an employment regulation". The defendant in this case, is also acting outside the boundaries of the workplace and is trying to impose measures that are beyond its authority "to regulate workplace conduct of... employees, but not their conduct in general." In another case recently decided in D.C., Judge Maurice Ross of the DC Supreme Court found in his Order enjoining D.C. Mayor Bowser from enforcing the vaccine mandate for Police that:

> "A vaccine mandate is not an everyday exercise of power...It is instead a significant encroachment into the life — and health — of an employee. It is strikingly unlike any other workplace regulations typically imposed, as it 'cannot be undone at the end of the workday.' Thus, there is an expectation that a vaccine mandate must come from a legislative body."

Clearly Judge Ross found that workplace conduct does not include medical decisions, treatments, inquiries; these are beyond the scope of the employer-employee relationship. This aligns perfectly with the plaintiff's claim that the defendant's "COVID policy" is making non-job-related medical inquiries and is imposing non-job-related medical treatments in violation of the ADA.

Then, on October 25, 2022, NY Supreme Court Judge Porzia issued a ruling stating that the DOH and the Mayor never had the authority to exclude employees from their workplace[1]. He also asked the sensible question: "How can a [new] "condition of employment" be created during a term of employment?" He finds that it cannot. He also finds it ridiculous to expect employees to take medical treatments for the benefit of other people. He states that everyone makes their own medical choice of whether to get a vaccination or not and that individuals are responsible for their own health, not the health of others. He ordered reinstatement and backpay as restitution for the "arbitrary and capricious" orders.

The "Covid policy" cannot be considered a "legitimate" policy because it fails to comply with the ADA and is therefore illegal.

This case should be heard on its merits, and the plaintiff has already alleged many compelling facts which follow the rules of construction of an ADA claim. He is simply asking to write it more clearly. The plaintiff is pro se and never went to law school. He should not be held to a higher standard than actual lawyers; particularly when the magistrate is mis-representing the facts and claims of the case. Justice requires that the complaint be amended one more time.

---

[1] https://eddsa.blob.core.usgovcloudapi.net/public/85163_2022_George_Garvey_et_al_v_City_of_New_York_et_al_DECISION___ORDER_ON_37.pdf

Why would this court oppose this case being heard on its merits? Is it because this court has the exact same "Covid policies" as the defendant? Or is it because Magistrate Lindsay has some undisclosed interest in the case?

The request for leave to amend is reasonable and is not intended to cause undue delay and there is no dilatory motive nor is the request futile. The magistrate made erroneous conclusions and legal errors in his determination and therefore his recommendation should be denied.

Dated this 29th day of November, 2022

*Andrew Kosiba*

Andrew Kosiba, Plaintiff

Andrew Kosiba, Plaintiff *in Propria Persona*
33 Neal Path
South Setauket, NY 11720
ak764@protonmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

100 Federal Plaza, Central Islip, NY 11722

ANDREW KOSIBA

    PLAINTIFF,

v.                                  CASE NO. 21-CV-06416 (GRB)(ARL)

CATHOLIC HEALTH SYSTEMS OF

LONG ISLAND, INC.

    DEFENDANT.

_____/

**CERTIFICATE OF SERVICE**

I, Andrew Kosiba, hereby certify that a true and correct copy of the foregoing was duly served upon the Defendant's attorney Roy W. Breitenbach at the address of 333 EARLE OVINGTON BLVD, SUITE 901; UNIONDALE, NEW YORK 11553 via first class mail on this 29th day of November, 2022.

By: *Andrew Kosiba*